A. ALAN LANE et al., Practicing Law under the Name of LANE, WINARD, ROBINSON & SCHORR, Appellants, *v.* THOMAS A. GALLIGAN, Respondent.

Supreme Court, Appellate Term, Second Department, February 5, 1951.

*Henry A. Robinson* and *Gershwin Kurlander* for appellants.

*Edgar H. A. Chapman* for respondent.

*Per Curiam.* The rule that where support of a wife and infant child are provided for in a final judgment of divorce, such judgment measures the liability for the wife and children's necessaries, does not apply where, since the granting of the judgment of divorce in the State of Nevada, the child's condition necessitated extraordinary medical services.

Subdivision 1 of section 137 of the Domestic Relations Court Act of the City of New York, in effect May 11, 1942, provides: " If the marriage relationship shall have been terminated by final decree of the supreme court of the state of New York or by judgment of any other court of competent jurisdiction, when valid in the state of New York, a petition may be filed or an order for support made or enforced in the family court only for the benefit of a child of such marriage."

This change in the law furthers the public policy of the State in the protection of minors. It does not violate the full faith and credit clause of the Constitution of the United States (U. S. Const., art IV, § 1). (*Matter of Karchmer* v. *Kane,* 275 App. Div. 715; also, see *Scrima* v. *Scrima,* 265 App. Div. 483.)

Legal services rendered by the plaintiffs in connection with the proceedings in the Domestic Relations Court to enforce the father's liability for such extraordinary medical services are necessaries for which the father should be held liable to the extent of their reasonable value.

The order and judgment should be unanimously reversed on the law, with $10 costs and taxable disbursements to plaintiff, the plaintiffs' motion for summary judgment granted, with $10 costs, the amount of such judgment to be determined by an assessment before an Official Referee or the court. The cross motion of the defendant to dismiss the complaint is denied, with $10 costs.

FENNELLY, COLDEN and BELDOCK, JJ., concur.

Order and judgment reversed, etc.