REGAN, Judge.
The plaintiff, Marlene Doiron Duhon, filed this rule requesting that the defendant, Eugene P. Duhon, be ordered to show cause why a judgment dated October 10, 1968, directing him to pay $120.00 per month child support should not be amended so as to increase the amount thereof to $250.00 per month.
Following a hearing on the rule, judgment was rendered increasing the child support to be paid by the defendant to $150.00 per month payable in the amount of $75.00 on the first and fifteenth of each month beginning April 1, 1969, and he was also ordered to pay all expenses incurred for orthodontic treatment for his daughter, Suzette.
From that judgment, the defendant has prosecuted this devolutive appeal.
The record discloses that on March 24, 1968, a judgment was rendered decreeing a divorce a vinculo matrimonii between the plaintiff and defendant, and on October 10, 1968, judgment was rendered granting permanent custody of the three minor children born of their marriage to Mrs. Duhon, and the defendant was ordered to pay $120.00 per month for the support of his children beginning October 15, 1968. On March 7, 1969, the plaintiff filed this rule to increase the child support payments to $250.00 per month because of the alleged increase in the cost of educating the children and the costs of providing them with food and lodging. She asserted that this increase was due to the general rise in the cost of living, additional medical expenses incurred and the advanced ages of the children, who were respectively thirteen, nine and eight at the time of the hearing on the rule. She explained that her nine year old daughter, Suzette, had undergone orthodontic work at a cost of $795.00 and that during the summer months, when school vacations occur, it is necessary for her to pay $25.00 per week for care of the children in order to enable her to work for one month. She pays $144.00 for the children to attend a day camp. She further explained that she received as take home pay $174.00 every two weeks, out of which she must expend $93.00 per month to liquidate the mortgage on the family home in which she and the children reside. She *151 asserted that while the defendant had not necessarily received an increase in his income, that his standard of living had increased and that he receives considerable supplemental income from his parents.
The defendant testified that his take home pays is approximately $450.00 per month but that he earns some overtime. He stated that he pays his parents, with whom he resides, $85.00 per month rent which includes breakfast and the care of his clothes by his mother. He admitted that the Toyota automobile which he uses is provided for him by his father, who is the owner. He contended that both his income and living expenses have remained approximately the same since the rendition of the judgment ordering him to pay $120.00 per month.
The jurisprudence of this state has consistently rationalized that the determination of the amount of child support payments to be made by a parent is largely within the discretion of the trial court. When this discretion is fairly exercised, the result thereof will not be disturbed by us unless the evidence discloses that the trial judge abused his discretion.[1]
After hearing the evidence, the trial court increased the amount of child support from $120.00 per month to $150.00 per month, reasoning that Mrs. Duhon was unable to support three children and assume all the responsibility of their care with the sum of $120.00 per month. He also ordered Duhon to pay all extraordinary medical expenses in connection with orthodontic work for his daughter.
We have evaluated the testimony offered on behalf of both litigants, and we are convinced as a result thereof that the lower court did not abuse the discretion vested in it in increasing the child support to the sum of $150.00 per month and in requiring Duhon to pay for his child’s orthodontic work.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. See Sanders v. Sanders, La.App., 188 So.2d 192 (1966); Randle v. Randle, 144 So.2d 461 (1962).