SCHOTT, Judge.
This is an appeal by a divorced wife from a judgment on a rule taken by her for (1) reimbursement to her for medical expenses incurred in behalf of a child, (2) payment of all anticipated expenses connected with future orthodontic procedures for the children and (3) payment of anticipated educational expenses for the children. The trial judge dismissed the rule in every respect except to allow recovery by plaintiff of one-half of the anticipated expenses for the orthodontic procedures.
Plaintiff and defendant had two children who, at the time of the trial, were 11 and 7 years of age, this being defendant’s second marriage. From a previous marriage he had one child and from a third marriage he had two children. At the time of the trial, defendant was under court orders to pay in monthly payments support for the one child of the first marriage in the amount of $200.00 plus $24.00 of insurance, for the two children of the second marriage $200.00 each plus $145.00 for insurance, for the children of the third marriage $200.00 each, for alimony to his third wife in the amount of $475.00, and for insurance premiums in connection with those children $195.00, or a total of $1839.00 per month.
With respect to the first item claimed by the plaintiff, that of reimbursement for past medical expenses, since the *218 defendant had been paying to his divorced wife the sums fixed by the court for support of his children, and since no attempt was made by the plaintiff to increase this support before these additional expenses were incurred this matter was not properly before the court and the trial judge properly dismissed that part of plaintiff’s rule, especially since the expenses were not of an emergency nature.
Regarding the other two aspects of plaintiffs rule, she relies on four theories to support her position, (1) that defendant is under the obligation to maintain his children in the same style as that which they would enjoy if they were still in his custody, (2) that the trial judge improperly considered obligations incurred by defendant because of his marriage to his third and fourth wives in arriving at the amount he could pay for the support of the children of the second wife, (3) that the judge improperly considered defendant’s present ongoing expenses occasioned by his fourth marriage which plaintiff considers to be invalid, and (4) that the trial court made a mathematical error in disposing of plaintiff’s rule.
Plaintiff’s first contention addresses itself primarily to her attempt to require defendant to pay for educational expenses incurred and to be incurred by the two children for the forthcoming school year, plaintiff planning for the two girls to attend a private institution where tuition is anticipated for the younger child at $1100.-00 and for the older child as $1150.00 for the year.
In passing upon plaintiff’s claim for an increase in support to cover the anticipated tuition for the children, the trial judge noted that the defendant’s net income is $3143.00 per month, that his total output under various court orders is $1839.00 per month, that defendant has been making a voluntary contribution of $100 a month for one of the two children involved in this rule to help with tuition bills and concluded that the decision of the divorced wife to send these children to a private school is her choice in the premises and would require “some sacrifice on her part too.” Observing that there are adequate schools for these children otherwise and that if he were to require the defendant to pay for the tuition of these two children he might be likewise obliged to do the same for all of the other children whom he is supporting, the court concluded that this would be an unreasonable burden on the defendant.
In matters such as this, the trial judge has much discretion and such will not be disturbed unless the record shows that it has been clearly abused. Lamothe v. Lamothe, 262 So.2d 87 (La.App. 4th Cir. 1972). An analysis of the record and the reasons for judgment do not show any abuse of the court’s discretion regarding the disallowance of an increase to pay for the anticipated school tuition for these children.
We do not find any merit in plaintiff’s contention that the trial judge improperly considered obligations incurred by the defendant because of his marriages subsequent to his divorce from plaintiff. Plaintiff’s position is that any and all expenses incurred by the defendant and in any way related to these subsequent marriages cannot be considered by the trial judge in passing upon defendant’s ability to pay the additional items being sought by plaintiff. In support of that position, plaintiff cites Lopez v. Lopez, 264 So.2d 354 (La.App. 4th Cir. 1972) and argues that the trial judge should not even have considered the defendant’s-.duty to support the children of his third marriage in passing on plaintiff’s rule. But the Lopes case held otherwise as follows:
“We note that expenses of a second marriage voluntarily incurred may not be grounds for reduction of alimony. (Citations omitted) These cases deal with situations where a husband by a second marriage assumed expenses in supporting the second wife’s children by a previous marriage. A child born of the second marriage, however, may not be such a voluntary expense, and support *219 of this child is a legal obligation of the father. The birth of another child, and its expenses then, may be properly accorded a change in the husband’s ability to pay alimony.” (Emphasis supplied)
Likewise, defendant’s ability to pay for the support of his children is certainly affected by court orders requiring him to make such payments as alimony to his third wife. While he may have voluntarily contracted the obligation to support his wife in the first place, he is now doing so involuntarily in the sense that he is compelled by court order to do so, and this can hardly be ignored by the trial judge in deciding whether defendant is able to increase support payments for his children.
An examination of this record does not convince us that the trial judge considered specific expenses defendant now has as a result of his fourth marriage. In his reasons, the trial judge said the following:
“The Court is not considering, per se, any obligation that he may have in support of his present wife or the children of his present wife, but being mindful, however, of his stature and station in life as a doctor in the community in a responsible position and having a responsibility not only to support these children but also to maintain a proper respect within the community in being prompt in the payment of his additional obligations which have been incurred in the course of his general activity. And to use his language he somehow is living on some deficit payments because of loans which were necessary in order for him to remain current in meeting the various obligations which he’s legally obliged to maintain.”
Without filling this opinion with all of the details of the defendant’s monthly expenses, it is sufficient to say that the foregoing quotation is amply supported by the record. Defendant is a psychiatrist and the head of psychiatric services at Charity Hospital. Although we recognize that his primary obligation is to support his children, it would be unreasonable to place financial demands on him which would render him incapable of living in accordance with the standard appropriate to his position in life and in the community, and in balance we do not find that there is any abuse of the trial judge’s discretion in his approach to the future orthodontic procedures by having plaintiff and defendant split those costs between them.
Finally, plaintiff’s complaint that the judgment of the trial court is erroneous because it is based on a mathematical error has no merit.
The trial judge’s conclusion that defendant is left with about $800.00 per month for his personal living expenses is correctly based upon findings that defendant’s net income is $3143.00 per month and is reduced by sums paid under various court orders totaling $1839.00 per month and a monthly payment to the bank of $437.65 on a loan made to pay the previous year’s income taxes.
Accordingly, the judgment of the trial court is affirmed and plaintiff is to pay all costs of this appeal.
Affirmed.