306 So.2d 370 (1975)
Vesta Jean Hoffman Cook WINGO, Plaintiff-Appellee,
v.
Russell M. COOK, Defendant-Appellant.
No. 4816.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
*371 Watson, Murchison, Crews & Arthur by William Crews, Jr., Natchitoches, for defendant-appellant.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Mrs. Vesta Jean Hoffman Wingo instituted this action against her former husband, Russell M. Cook, seeking an increase in the amount previously ordered by the court for the support of the child in plaintiff's custody, and demanding judgment against defendant for $3,218.76 to cover extraordinary medical expenses incurred for treatment of the child. Defendant answered *372 denying that plaintiff is entitled to the relief sought, and he reconvened for judgment condemning his former wife to contribute $210.00 per month for support of the children in the custody of defendant.
Judgment was rendered by the trial court in favor of plaintiff and against defendant for $1,609.38, being one-half the extraordinary medical expenses incurred for the child, and increasing the payments to be made by defendant for the support of the child in plaintiff's custody from $70.00 to $175.00 per month. Defendant Cook appealed.
The issues presented are (1) whether defendant is liable for any part of the extraordinary medical expenses incurred for treatment of the child in plaintiff's custody, and (2) whether the evidence warrants an increase in the monthly child support payments which defendant previously was ordered to make to plaintiff.
Plaintiff and defendant were divorced by judgment rendered on July 28, 1970, and plaintiff was awarded custody of the five minor children born of that marriage. Defendant was ordered to pay her $350.00 per month as child support. Subsequent thereto, one child was emancipated, and custody of three of the children was awarded to defendant by consent of the parties, leaving plaintiff with the legal custody of the youngest child, Ray Earl Cook, who is now 12 years of age. By judgment rendered on February 24, 1972, the earlier decree condemning defendant to pay support for all of the children was amended to order him to pay plaintiff $70.00 per month for the support of the youngest child, Ray Earl Cook.
In the instant suit, plaintiff alleges that after the amount of support for Ray Earl Cook was fixed by the court, the child developed serious mental and emotional problems, and because of those problems it has been necessary that he be hospitalized and furnished psychiatric care, at a cost to plaintiff of $3,218.76. She contends that she is entitled to recover that amount from defendant as an extraordinary expense of support and maintenance not included in the monthly child support payment of $70.00 per month previously ordered by the court.
Plaintiff also alleges that additional psychiatric care will be necessary for the child every other week for an indefinite period of time, requiring trips from Natchitoches to Shreveport and added medical expenses, and that she is entitled to judgment increasing the amount of child support from $70.00 per month to $225.00 per month.
The trial judge held that the extraordinary medical expense incurred for treatment of Ray Earl Cook should be equally divided between the father and the mother, and accordingly he rendered judgment condemning defendant to pay plaintiff $1,609.38, or one-half the medical expenses which had been incurred for that purpose. The judge also found that the support previously ordered for the child should be increased, and judgment was rendered ordering defendant to pay $175.00 per month, beginning in February, 1974, for the support of Ray Earl Cook.
Defendant argues that the judgment rendered on February 24, 1972, ordering him to pay $70.00 per month as support for the child, constituted the "absolute limit" of his liability until and unless the decree is modified. Both parties agree that this question is res nova in Louisiana. Defendant concedes that in other states there are two prevailing views, one of which is consistent with the position he takes here, and the other is that the financial liability of the father towards his child is not limited by the support provisions of a judicial decree. He argues, however, that the former view is founded on better reasoning, that the prior judgment of child support should be the measure of the father's responsibility, that the father has been deprived of the custody of the child, and that the principles of equity require that his obligation to support *373 be limited to that previously ordered by the court, until that judgment is amended.
We have decided that the father's obligation to support his child is not limited to the amount of support he was ordered to pay by the last judicial decree. We hold that the father may be ordered to pay extraordinary medical expenses incurred for treatment of the child in addition to the support payments which he previously was ordered to make.
The law provides that fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children. LSA-C.C. Art. 227. Separation or divorce does not deprive the children born of the marriage of any advantage secured to them by law or by the marriage contract. LSA-C.C. Art. 158.
In Duhon v. Duhon, 235 So.2d 149 (La. App. 4 Cir. 1970), the plaintiff wife sued to increase the award for child support from $120.00 to $250.00 per month. The evidence showed that the child had undergone orthodontic work at a cost of $795.00 prior to the institution of that action. The trial court rendered judgment increasing the amount of child support from $120.00 to $150.00 per month, and ordering the defendant husband "to pay all extraordinary medical expenses in connection with orthodontic work for his daughter." That judgment was affirmed by the Court of Appeals.
Usually, when judgment is rendered fixing the amount of support due a child, only the normal, usual and average expenses can be determined by the court. The judgment rendered at that time does not contemplate the unusual and extraordinary expenses incurred on account of an accident or a severe, unforeseen or protracted illness of the child. The extraordinary expenses incurred under those circumstances were not within the contemplation of either the mother or the father or of the court at the time the earlier judgment ordering support was rendered. The law imposes upon the parents the obligation of supporting and maintaining the child, and we think equity demands that either or both of the parents be required to pay or to contribute according to their means to those extraordinary expenses which were not foreseen at the time the earlier judgment of support was rendered. The obligation of the father to pay or contribute to those extraordinary expenses should not be limited to the amount of support he previously was ordered to pay. See Russell v. Russell, 170 Miss. 364, 154 So. 881 (1934); Williams v. West, 258 S. W.2d 468 (Ky.1953); Lane v. Galligan, 199 Misc. 36, 102 N.Y.S.2d 1006 (1951); Merrill v. Merrill, 188 Tenn. 10, 216 S.W. 2d 705 (1948).
Defendant argues, however, that the extraordinary medical expenses claimed here were incurred while the child was in the care, custody and control of plaintiff, without defendant's knowledge and over his strongest objections once he became aware of the expense. The evidence shows that when defendant learned that his son had been hospitalized, he attempted to obtain his release from the hospital by means of a habeas corpus proceeding. Defendant contends that no emergency situation existed requiring psychiatric treatment of the child, and he questions whether the drastic action taken by plaintiff was necessary. For these reasons he takes the position that, regardless of any legal obligation he may have to care for the child, he should not be condemned to pay any part of the extraordinary medical expenses incurred in this instance.
The evidence shows that the child was confined in Brentwood Hospital, in Shreveport, for a period of about one month beginning August 24, 1973, where he received psychiatric treatment. Since that time plaintiff has been taking him to Dr. Edward H. Leatherman, in Shreveport, every other week for further psychiatric treatments.
*374 Plaintiff's testimony as to the child's behavior and the emotional problems he exhibited prior to his hospitalization indicate that the treatment administered was necessary. She stated that he has "improved marvelously" since the treatment was started. The parties stipulated that if Dr. Leatherman should be called as a witness, he would testify that the child was in need of the psychiatric care he received, that he is in need of the psychiatric treatment he is presently receiving, and that he will continue to require the type treatment he is now receiving for an indefinite period of time. No evidence was presented tending to contradict the views which the parties stipulated would be expressed by Dr. Leatherman.
The trial judge found that the treatment administered to the child was necessary. We agree. The evidence shows that an expense of $3,218.76 was incurred for that treatment prior to the institution of this proceeding.
The trial judge considered the income and means of both parents, and he concluded that the expense incurred for this extraordinary medical treatment of the child should be equally divided between the father and the mother. Since the mother had paid all of these expenses, judgment was rendered in favor of plaintiff and against defendant for $1,609.38, or one-half the amount of the total expenses incurred. We find no error in that part of the judgment appealed from.
Defendant contends also that the trial court erred in increasing the amount of support from $70.00 to $175.00 per month. His argument is that the mother is as financially capable of supporting the child as is the father, and that plaintiff thus is not entitled to recover any additional support from defendant.
The evidence shows that plaintiff has an income of about $700.00 per month, derived from investments which she has made. She testified that the expense of providing for herself and her son amounts to more than her income, and that she is compelled to use a little of her capital each month. She estimates that about one-half of those expenditures is for the care and support of her child.
Defendant's net worth is not shown, but the record indicates that he has ample income and means with which to pay support for his youngest son. He owns a 1455 acre farm in Natchitoches Parish and the equipment which he uses to operate that farm. He also owns a motel in Vicksburg, Mississippi, two trucks and four automobiles, one of which is a 1974 model Cadillac. He reported an adjusted gross income of a little more than $35,000.00 for the year 1973, and he stated that he does not recall whether he earned more or less than that amount in any of the preceding five years.
Plaintiff has shown that the expense of caring for her son has substantially increased during the past year. She explained that he now wears men's shoes and more expensive clothes. In addition to the greater cost of caring for the boy because of his increased age and size, however, the record shows that plaintiff now must transport her son in her automobile from Natchitoches to Shreveport every other week for psychiatric treatments. This involves an added cost of transportation and also a fee of $35.00 to $38.50 for each visit to the psychiatrist.
Trial courts are vested with considerable discretion in fixing the amounts which the parents should contribute for the support of their children, and the judgment of the trial court in these matters will not be disturbed unless there appears to be an abuse of that discretion. Mire v. Mire, 251 So.2d 797 (La.App. 1 Cir. 1971); Price v. Price, 272 So.2d 392 (La.App. 1 Cir. 1972).
We find no abuse of discretion on the part of the trial court in increasing the amount which should be contributed by defendant to the support of her minor child, Ray Earl Cook, from $70.00 per month to *375 $175.00 per month. We thus affirm that part of the judgment appealed from.
Defendant apparently has abandoned his reconventional demand, since no argument was made in this court in support of that demand.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.