BEER, Judge.
Plaintiff-appellant, Dominick Philip Gennaro, seeks reversal of the trial court’s rejection of his motion seeking reduction in child support payments and granting, to the extent of $20 per week, Mrs. Gennaro’s motion to increase same.[1]
Dominick Gennaro is a butcher whose net earnings average approximately $180 per week. This is a slight increase over his income at the time judgment was rendered on the previous rule which was appealed to this court; but he now supports his new wife and their three children, legitimated by his recent marriage. Judgment on the previous rule had resulted in an increase from $35 to $45 for child support. But, on the appeal from that order, this court reversed. See: Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir. 1975). Thus, as a practical matter, we are now dealing with the seeking of an increase from that $35 per week award.
Defendant-appellee is also remarried. Her oldest of the three Gennaro children, Melinda (age thirteen), is retarded. She now requires temporary institutional care at a cost of $18 per week. In addition to caring for the children of the first marriage, Mrs. Gennaro now cares for a child of her new husband from his previous marriage.
Prior to this rule, the weekly support payments of $45 (now reduced to $35) were divided equally between the three Gennaro children. In reasons orally assigned after hearing this rule, the trial judge indicated that the $20 increase was a rounded figure reflecting the necessary cost of temporary institutional care for Melinda in the amount of $18 per week.
An award for the support of a child must be subject to modification if there is a serious change in the child’s needs.[2] Since the party seeking the increase clearly has the burden of proving that the increase is warranted, the determination of whether this burden of proof has been met is properly within the discretion of the trial court, who must give consideration to the income of the mother, as well as that of the father. LSA-C.C. Article 227; Burks v. Burks, 293 So.2d 923 (La. App. 2nd Cir. 1974). The court must also consider the needs of the child in relation to the ability of those obligated to pay. Tjaden v. Tjaden, 294 So.2d 846 (La.App. 2nd Cir. 1974). This includes consideration of the fact that, as in this case, the father has remarried and incidental to this second marriage there are additional expenses for which he is responsible. Marcus v. Burnett, 282 So.2d 122 (La.1973). Finally, the change in the child’s needs must be clear. In Wingo v. Cook, 306 So.2d 370 (La.App. 3rd Cir. 1975) the wife had custody of the minor child who developed serious mental and emotional problems. Because of these problems it became necessary that the child be hospitalized and furnished psychiatric care. The wife sought an increase in weekly child support payments. The court stated:
“We have decided that the father’s obligation to support his child is not limited to the amount of support he was ordered to pay by the last judicial decree. We *515 hold that the father may be ordered to pay extraordinary medical expenses incurred for treatment of the child in addition to the support payments which he previously was ordered to make.”
In discussing the previous judgment rule upon which the wife sought an increase in the support payments, the court stated:
“The judgment rendered at that time does not contemplate the unusual and extraordinary expenses incurred on account of an accident or severe, unforeseen or protracted illness of the child. The extraordinary expenses incurred under those circumstances were not within the contemplation of either the mother or the father or of the court at the time the earlier judgment ordering support was rendered. The law imposes upon the parents the obligation of supporting and maintaining the child, and we think equity demands that either or both of the parents be required to pay or to contribute according to their means to those extraordinary expenses which were not foreseen at the time the earlier judgment of support was rendered. The obligation of the father to pay or contribute to those extraordinary expenses should not be limited to the amount of support he previously was ordered to pay.” (Emphasis ours.)
Taking all of the circumstances into account, we cannot conscientiously say that there have been drastic overall changes in the ability of either of Melinda’s parents to pay for this necessary care. But there are now serious changes in Melinda’s needs which were not previously apparent. In view of this, we do not find that the trial court abused its discretion in granting the increase although we believe that it should have been limited to the actual amount of the institutional care which is $18 per week.
Accordingly, taking into account our ruling in Gennaro, supra and the conclusions noted above, the judgment of the Civil District Court for the Parish of Orleans dated July 15, 1974 is amended as follows:
It is ordered, adjudged and decreed that Dominick Philip Gennaro, plaintiff-appellant herein, shall continue to pay the sum of $5 per week to be applied against past due alimony commencing July 9, 1974;
It is further ordered, adjudged and decreed that the rule to increase child support be and it is hereby made absolute and accordingly, the child support payments heretofore fixed in the sum of $45 per week and thereafter reduced to $35 per week are now hereby increased in the amount of $18 per week to a total of $53 per week payable on Tuesday of each and every week.
The judgment, as amended, is affirmed. The amendment is effective as of the date this judgment is rendered.

Amended and affirmed.

. This is the most recently filed rule in this matter. Previously this court took action with respect to an earlier rule which will be discussed in the body of this opinion.

. The general rule announced in Pettitt v. Pettitt, 261 So.2d 687 (La.App.2nd Cir. 1972) deals with “any change in the needs of the child” even including “increased advantages.” The need here is clearly more compelling than the needs which Pettitt, supra, recognizes as a proper basis for a change in support payments.