BOUTALL, Judge.
This is an appeal from a judgment awarding the plaintiff hospital $1,610.35 for medical services rendered to a minor and casting his father and his step-father liable in solido for that amount.
On April 26, 1972 a minor named Brian Denson, also known as Brian Connors, was admitted to South Jefferson General Hospital for emergency treatment. At the time of his admission the minor Denson was accompanied by his stepfather Paul M. Connors. Paul M. Connors represented to the plaintiff hospital that he was the father of the child; that the child’s name was Brian Connors, and that he Paul M. Connors, would be responsible for any expenses incurred as a result of the minor Denson’s hospitalization. On May 13, 1972 the minor child was released from the hospital. On February 6, 1975 plaintiff filed suit on the unpaid open account of Paul M. Connors. After learning the true identity of the minor and the legal biological father of the minor, the plaintiff amended its petition to include Leonidas L. Denson and Clarise Adams Connors, father and mother of the minor child, as being responsible and liable for the debt.
Defendant Clarise Adams Connors had filed bankruptcy proceedings and was excused from liability for the debt. Only the minor’s father, Denson, has appealed.
The issue before us is whether a father not having legal custody of a minor child is liable directly to the creditor for medical expenses incurred on behalf of his minor child when the father and mother are divorced, the mother has custody of the child, and the mother is receiving child support payments fixed by the courts.
It is Denson’s contention that his obligation at the time the debt was incurred was to pay $225 per month child support, and that he can only be held liable for the minor’s expenses after contradictory proceedings with the mother seeking increase in child support or adjustment of his obligations.
We agree with appellant’s contention that he is not directly liable for the expenses incurred on behalf of his minor child who was not in his custody. While the father has an unlimited obligation to support his children under authority of the Louisiana Civil Code [1], when there is a divorce and custody is granted to the mother, then the father’s obligation is limited by the decree that regulates the custody and child support. The court considers in fixing child support that there are expenses that the father is required to pay under normal circumstances. The parent with custody is expected to pay the support expenses of the child with the sum awarded by the court, barring any extraordinary expenses. If extraordinary expenses arise, the mother having custody of the child can go into court and seek an increase in the amount of support. Gennaro v. Gennaro, La.App., 323 So.2d 513 (1975); Wingo v. Cook, La.App., 306 So.2d 370 (1975); Super v. Super, La. App., 279 So.2d 216 (1973); Duhon v. Duhon, La.App., 235 So.2d 149 (1970).
The custodial parent has the authority to decide what debts will be incurred on *639 behalf of the minor child. In the case before us a third party relied on the authority of the step-parent and responsibility of the parent with custody of the child to pay the debt incurred on behalf of the child.
The third party creditor does not have the right to sue the father directly for the debts incurred by the parent with custody. To hold otherwise would allow a parent with custody of a child to incur a debt without restraint, knowing that the father would be responsible for payment of such debt. By holding that a third party creditor may not go directly against the father, the father is guaranteed that there will be a judicial determination of the reasonableness of each debt incurred on behalf of the child. Thus, if a mother with custody of a child incurs a debt for the child, which is an extraordinary expense and cannot be satisfied from the normal child support payments, she must go into court and seek an increase or adjustment of the amount of support to pay the extraordinary expense. The party seeking the increase fairly has the burden of proving that the increase is warranted. Gennaro v. Gennaro, supra. The father may be ordered to pay extraordinary medical expenses incurred for the treatment of the child in addition to the support payments which he was previously ordered to make. Wingo v. Cook, supra.
In accordance with our determination that a father is not directly liable to third party creditors of his minor child the judgment of the trial court is reversed in regard to the appellant Leonidas Denson. Appel-lee to pay all costs.

REVERSED.

. L.C.C. Article 158. “This separation or divorce shall not in any case deprive the children born of the marriage, of any of the advantages which were secured to them by law, or by the marriage contract of their father and mother.
Article 227. “Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.”