466 So.2d 750 (1985)
Dianna Mackbee THOMPSON
v.
Adrian D. THOMPSON, Sr.
No. CA 2492.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Floyd J. Reed, J.D., Reed & Reed, New Orleans, for appellant.
J. Van Robichaux, Jr., Chalmette, for appellee.
Before GARRISON, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
Dianna Thompson appeals from a judgment of the district court which reduced her former husband's child support obligation from $350 per month to $270 per month. Appellant contends that the trial court abused its discretion in reducing the child support payments. Finding no error by the trial court, we affirm.
The Thompsons were married on August 20, 1965. Three children were born of the marriage, two girls and a boy. At the time of this hearing in the district court, the children were ages 17, 13 and 7 years respectively.
The couple was divorced on August 29, 1980, at which time Mrs. Thompson was awarded custody of the three minor children *751 and Mr. Thompson was ordered to pay $450 per month child support.
In 1981 Mr. Thompson filed a rule to reduce child support payments because he had been unemployed during a portion of that year earning only $2,792.75 for the year. On August 12, 1981 the court reduced the child support allowance to $350 per month.
In early 1984, Mr. Thompson filed a rule to change the custody of his eldest daughter and he also sought a reduction in his child support payments. Shortly thereafter the plaintiff filed a rule to increase child support payments and a rule for contempt. The court awarded a change of custody of the couple's eldest daughter, by consent of the parties. On the same day, February 21, 1984, the court also rendered judgment reducing child support payments from $350 to $270 per month, dismissing the plaintiff's rule for an increase in child support, rule for contempt and request for attorney fees. The court granted the requests of both parties for preliminary injunctions preventing the couple from annoying or harassing each other.
Mrs. Thompson appeals from the judgment rendered on February 21, 1984 complaining only of the reduction in child support payments.
Appellant first argues that the trial court erred in utilizing projected income figures for the year 1984 as the basis for the reduction. She reasons that since the hearing was held February 17, 1984, the records of income of the parties for 1984 made a determination of 1984 income difficult and thus, the court should have utilized 1983 income figures. She relies upon Verdin v. Verdin for this position. 332 So.2d 556 (La.App., 4th Cir., 1976).
We find that Verdin, supra, is not supportive of appellant's position. The Verdin case, supra, merely stands for the proposition that it is within the trial judge's discretion to utilize the prior years' income, as a basis for support payments, if he finds that the witness is not candid about his current earnings. In this case the trial judge apparently believed the witness' testimony concerning their expected income for 1984 as compared to their earnings for 1983.
Mr. Thompson testified that in 1983 he earned $28,201.52 as a qualified member of the engine department, employed as an engine watchman on a vessel. His earnings consist of wages and overtime. He stated that due to a reclassification of certain vessels by the Coast Guard he would no longer have overtime pay, but would be a wage earner only. Thus, whereas before this reclassification of vessels he would earn $4,492.75 for 29 days, after the reclassification he would only earn $1,734.27 for 29 days. He stated that he works seven months out of the year and receives paid vacations of three and one half months. Thus, his annual income for 1984 should be $18,210.00.
Mrs. Thompson, who is employed by Industrial Air Hydraulics earned $11,089.50 in 1983. She testified that if her company made a profit for 1984 she would earn 5% more, for an annual income of $11,643.98.
Since the 1984 income for the litigants was readily ascertainable from the information provided, we find no abuse of discretion by the trial judge in utilizing these 1984 figures as a basis for his award of child support.
Appellant next complains that the trial judge should have awarded $1,000 per month for the support of the two minor children in her care. In arriving at this figure, Mrs. Thompson presents a mathematical formula wherein she attempts to apportion the income of the couple proportionately for the five family members involved.
In order for there to be a modification of a child support award, there must be a change of circumstances. See: Gennaro v. Gennaro, 323 So.2d 513 (La.App., 4th Cir., 1975). The one who seeks a change in child support payments has the burden of proving that a change is warranted. Gennaro v. Gennaro, supra. Child support payments are to be set in proportion to the needs of the child(ren) *752 and the circumstances of parent(s) who shall pay the support. C.C. Arts. 227, 231. Ducote v. Ducote, 339 So.2d 835 (La., 1976). The amount of child support payments cannot be determined with mathematical certainty and all facts and circumstances in each case must be considered. Ducree v. Thomas, 415 So.2d 1009 (La. App., 4th Cir., 1982); Fall v. Fontenot, 307 So.2d 779 (La.App., 3rd Cir., 1975). Thus, the trial court has considerable discretion in setting child support, and such awards will not be disturbed on appeal unless there exists a clear abuse of discretion. Ducree v. Thomas, supra.
We find no abuse of discretion by the trial judge in this reduction of child support payments from $350 per month for the support of three children to $270 per month for the support of two children. Contrary to appellant's assertion, the award of support payments is not subject to a pure mathematical formula because of the various considerations involved.
In this case the record reveals that Mr. Thompson's income for 1984 would be $18,210.00, which was a $9,991.00 reduction from the previous year. He would now be supporting his eldest child in his home and he estimated his monthly expenses to be $1,157.76 (without considering his support obligation and union dues).
Although Mrs. Thompson listed her monthly expenses at $2,311.95, she could not state what portion of the amount was to be allocated to her oldest daughter. The expense figure was also subject to adjustment because it included some misleading expense items.[1] Furthermore, the record reveals that Mrs. Thompson expected an annual income increase for 1984 from $11,090 to $11,643.98. Additionally, the number of children of which she would have custody in 1984 had been reduced from three to two. Considering the circumstances of the respective parents and the needs of the two children who are the subject of the support payments, we find no abuse of discretion by the trial judge in setting the support allowance for these two children at $270 per month.
For the reasons assigned the judgment of the district court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] One item of expense was $1,000 annual vacation expense. Additionally, although medical expenses of $150 per month were listed, the record revealed extensive medical coverage of the minor children by their father's hospitalization policy.