SCHOTT, Judge.
This appeal is by a divorced husband from a judgment dismissing his rule to decrease child support for his two children. The only issue is whether appellant carried his burden to prove sufficient change of circumstances to warrant a reduction in the support.
Pursuant to an agreement between the parties child support was fixed at $500 per month on January 15, 1985. The judgment now on appeal was signed following a trial on August 28, 1986. The children are six and nine years of age.
Appellant is an artist who created a cartoon known as “Vic and Nat’ly”. It had previously been published in a Sunday magazine section of the Times Picayune. The magazine’s publication was discontinued in 1986 but publication of the cartoon continued in a Sunday television magazine section started by the newspaper. Appellant’s income from the cartoon was unchanged (about $100 per week) but he testified that with the discontinuation of the weekly magazine he lost some “free lance” work he had been doing to the extent that he had earned only $521 on this work for eight months in 1986 against $1,675 in 1985.
Appellant also testified that he had lost some income he had earned in 1985 from a television station and that income from the sale of various products identified with the “Vic and Nat’ly” cartoon had been significantly reduced ($3,700 for 1985; $800 for the first eight months of 1986). The sale of these products was done through a company operated by Chuck Matthews (no relation to appellant) who testified that ninety percent of his business is done at the end of the year and that there was no particular percentage agreed to between him and appellant but only a general agreement to share profits. In two documents he filed in the record appellant listed his income as $850 and $1000 per month respectively.
Appellee testified that her income was $540 per month and the total living expenses for herself and the two children were $2,070 per month. While these may be overstated the expenses for the two children were clearly in excess of $500 per month.
The principles controlling the disposition of this case were recently restated by this court in Thompson v. Thompson, 466 So.2d 750 (La.App. 4th Cir.1985). The one seeking a change in support payments has the burden of proving a change in circumstances; and the trial court has considerable discretion in setting child support.
At best from his point of view appellant was able to show that his income as an artist would probably be less in 1986 than it was in 1985. But this does not necessarily entitle him to a reduction in the modest amount he previously agreed to contribute to the support of his two children. More importantly, his evidence of reduced in *906 come does not necessarily mean the trial judge was compelled to reduce the support. In his discretion he was entitled to consider other facts in deciding the case.
Some of these may have been the absolute needs of the children for support, the potential appellant has for generating other income, appellant’s admission that his own living expenses were cut in half at the end of 1985 when his girlfriend moved into his home, and the distinct possibility that he was understating his income at least to some extent.
Accordingly, the judgment is affirmed.
AFFIRMED.