BERNARD N. MARCANTEL, Judge Pro Tem.
The issues presented by this appeal are whether the trial court erred in ordering plaintiff to pay past due child support, and one-half of the medical expenses incurred on behalf of his minor daughter, including expenses of Lisa LaPointe in the amount of $1,170.00, plus attorney’s fees.
G. Allen Leger (hereinafter plaintiff) brought an action seeking joint custody of his minor daughter, Jenna, or, alternatively, an increase in visitation after a judgment of divorce was granted, giving Linda Foreman Leger, now Linda Leger Anson (hereinafter defendant) sole custody of Jenna with reasonable visitation for plaintiff. In conjunction therewith, plaintiff also sought a reduction in child support payments to the sum of $200.00, reduced from $300.00 per month. .
Defendant responded by filing a Rule to Show Cause seeking $5,050.00 in alleged back due child support, attorney’s fees, interest on the alleged back due child support, one-half of over $25,000.00 spent on medical expenses for the minor child, an increase in child support, and a request that the court hold plaintiff in contempt.
The matter was heard on December 4 and December 18, 1989. At trial, the parties stipulated to joint custody of the minor child and the matter went before the court on the other issues. Judgment was made incorporating the joint custody stipulation of the parties. The judgment further ordered plaintiff to pay past due child support in the amount of $5,050.00, together with attorney’s fees in the sum of $500.00, and also ordered plaintiff to pay $12,510.75 in medical expenses.
On February 23, 1990, plaintiff filed a Motion for a New Trial which was denied by the trial court on May 17, 1990. It is from a signed written formal judgment that plaintiff now appeals.
FACTS
Plaintiff and defendant were married on November 19, 1972, and of this marriage one child, Jenna Donette Leger, was born. The parties were divorced on April 23, 1986 and, in the judgment of divorce, defendant was granted sole custody of Jenna with reasonable visitation rights in favor of plaintiff. Also, in the judgment of divorce, plaintiff was ordered to pay $300.00 per month in child support.
Within two months of the judgment of divorce, plaintiff alleged he was laid off from work and sought a reduction in child ■ support. Conflicting testimony was given as to whether defendant agreed to a temporary reduction with the understanding that all sums which were not paid in a timely fashion would in fact be paid at some future date. Plaintiff paid child support in an amount of no more than $150.00 per month from June 1986 until January 1988, at which time he began making payments of $200.00 per month. In May 1989, plaintiff resumed his monthly payments of $300.00.
In the Spring of 1988, defendant began experiencing significant problems with- her daughter. The thirteen year old child was experimenting with drugs and sex. She was plotting to run away from home with a friend. She also had attempted suicide by slashing her wrists. As a result, defendant met with plaintiff to discuss treatment for Jenna. Plaintiff suggested that Jenna move iii with him. Eventually, the parties agreed to placing Jenna in a treatment center for evaluation. Jenna was then admitted to Insight of America. After staying there for approximately eleven days, defendant removed Jenna because she did not agree with the Center’s method of treatment.
Jenna was then transferred to Cypress Hospital where she stayed for six weeks under the care of a psychiatrist, Dr. Philip Landry, and his therapist, Ms. Lisa La-pointe. After her discharge from Cypress Hospital, Jenna continued to receive counseling on an out-patient basis for several months. Her condition upon discharge was much improved and she has gained a great deal of insight about herself. Defendant *342 sought to recover from plaintiff one-half of the medical expenses incurred by her on behalf of Jenna. Plaintiff refused to pay alleging that the course of treatment chosen by defendant was not reasonable and not necessary, that there were alternative means of treatment which were less restrictive and less costly which should have been followed. Suit for these expenses was eventually instituted.
Testimony was given by Dr. Philip Landry in which he stated that Jenna had a defiant disorder of adolescence because of an ongoing conflict with her parents. He also diagnosed her with alcohol and analgesic abuse. It was his opinion that hospitalization was an appropriate course of action and the only way that Jenna could receive the needed treatment. He noted that she improved considerably in a relatively short period of time.
Dr. Maureen Brennan, Clinical Psychologist, was called by plaintiff. She testified that, after she had reviewed the records of Insight of America and Cypress Hospital, it was her opinion that Jenna was in need of therapeutic intervention. She agreed with the diagnosis of Cypress Hospital but she did not feel that the decision to hospitalize Jenna was the only alternative. It was her opinion that the intensive supervision that Jenna needed could have been provided in other settings, such as safe places. She noted that the major concern about Jenna was that of her running away and the fact that she had slashed her wrists previously. Dr. Brennan stated that she had only reviewed the record on Jenna and had never met with her personally. She was asked to meet with Jenna but felt that meeting with her would not give her more information and would only compound and exaggerate the problem for Jenna. She did state several times that she did not feel that inpatient treatment was inappropriate but that it was not the only viable alternative.
LAW
Plaintiff on appeal argues that defendant agreed to reduce child support payments until he had a permanent job and that there was no agreement between them that he was to make up the amount that was past due.
Dubroc v. Dubroc, 388 So.2d 377, at page 380 (La.1980), sets out the law regarding extra-judicial agreements which modify court ordered child support. There, the court stated:
“[A]n agreement by a parent to suspend his right to receive child support payments will not be enforced unless it meets the requisites for a conventional obligation and fosters the continued support and upbringing of the child. To allow the parent to suspend his right to receive support payments under circumstances contrary to the child’s interests, would be inimical to the ultimate goal of support and upbringing of the child.”
Also, it is well established that, in order for extra-judicial agreements to be effective, the parties must clearly agree to any modifications. Hendrix v. Hendrix, 457 So.2d 815 (La.App. 1 Cir.1984).
Further, as set out in Gomez v. Gomez, 421 So.2d 426 (La.App. 1 Cir.1982), the burden of proof for such extra-judicial agreement is on the party under the judgment who is trying to modify his obligation.
In the case at hand, the trial judge in his reasons for judgment stated that plaintiff failed to sustain his burden of proof on this issue and that the court accepted the testimony of defendant that she never agreed to waive the child support. The record reflects that the trial judge was not manifestly erroneous or clearly wrong in his finding.
For this reason, we affirm the trial court’s judgment on the issue of past due child support.
Defendant seeks payment of one-half of the medical expenses which arose out of the hospitalization of the parties’ minor daughter, Jenna, at Insight of America and Cypress Hospital. The medical bills total $25,021.50. Plaintiff contends that, because the hospitalization was not a reasonable and necessary expense, he should not be ordered to pay any part of these expenses.
*343 Both parties have cited Wingo v. Cook, 306 So.2d 370 (La.App. 3 Cir.1975) which states that a noncustodial parent is not limited to the amount of support ordered by the last decree but rather equity demands that either or both parents contribute toward extraordinary expenses incurred on account of an accident or a severe unforeseen or protracted illness. Plaintiff contends that the evidence showed that there were alternative methods of treatment that would have cost substantially less and therefore hospitalization was neither reasonable nor necessary and, consequently, he should not be forced to pay one-half.
Although testimony was given by Dr. Maureen Brennan in which she stated that alternative methods for treatment existed and, in her opinion, she would have chosen out-patient treatment, she did state that inpatient treatment was not inappropriate. This court is aware that hindsight is always 20-20 vision. At the time of Jenna’s crisis, Dr. Philip Landry and defendant were dealing with a thirteen-year-old adolescent that had attempted suicide, was abusing drugs, and was in a sexual relationship with a young man. The record also reflects that Jenna was planning to run away from home. Defendant had to make a decision based on the resources she had at the moment, knowing that if she made the wrong decision she could possibly lose her child to death, drugs or a runaway situation. Considering the seriousness of the situation and the testimony presented in the record, this court again agrees with the trial court in holding that hospitalization of Jenna at Insight of America and Cypress Hospital was reasonable and necessary.
This court also holds that there was evidence in the record to support Lisa La-pointe’s bill in the amount of $1,170.00, which forms a part of the total medical expenses in the amount of $25,021.50 of which plaintiff is ordered to pay one-half.
This court further finds that the trial court did not abuse its discretion in casting plaintiff with the costs of these proceedings, including attorney’s fees on the Rule for Past Due Child Support which are fixed in the sum of $500.00.
For the reasons assigned, the judgment of the trial court is affirmed. All cost of this appeal are assessed to plaintiff-appellant, G. Allen Leger.
AFFIRMED.